IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEREK STREETER,**
**JOSEPH GLOVER,**
**JOSE COBB, and**
**PAUL JOHNSON,**

        **Plaintiffs,**

**v.**

        Case No.: 3:05cv286/MCR/EMT

**CITY OF PENSACOLA and**
**PENSACOLA PROFESSIONAL**
**FIREFIGHTERS LOCAL CHAPTER 707,**

        **Defendants.**
_____/

## O R D E R

This cause is before the court on the motions to dismiss or, in the alternative, for more definite statement filed by defendants City of Pensacola ("the City") and Pensacola Professional Firefighters Local Chapter 707 ("the Union") (together, "defendants"), to which plaintiffs Derek Streeter, Joseph Glover, Jose Cobb, and Paul Johnson ("plaintiffs") have responded. For the reasons that follow, the court GRANTS defendants' motions for more definite statement and DENIES as moot their motions to dismiss.

**DISCUSSION**

After the court granted defendants' previously filed motions for more definite statement, plaintiffs filed the instant second amended complaint in which they assert the following claims:

Count I, race discrimination (hostile work environment) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), against the City;

Count II, race discrimination (adverse action) under Title VII, against the City;

Count III, race discrimination (hostile work environment) under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760, against the City.

Count IV, race discrimination (adverse action) under the FCRA, against the City.

Count V, race discrimination under 42 U.S.C. § 1983, against the City.

Count VI, retaliation under Title VII, against the City.

Count VII, retaliation under the FCRA, against the City;

Count VIII, violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., by plaintiff Glover only against the City.

Count IX, race discrimination under Title VII, against the Union.

Count X, race discrimination under the FCRA, against the Union.

Count XI, race discrimination under 42 U.S.C. § 1981, against the Union.

With respect to their demands for a more definite statement, defendants submit that the second amended complaint should be repleaded because it violates the pleading requirements of Federal Rules of Civil Procedure 8 and 10, as well as the court's previous instructions regarding amendment.[1] Plaintiffs respond that their complaint satisfies the minimal notice pleading requirements set forth in Rule 8, as it contains statements regarding jurisdiction, a clearly stated basis for entitlement for relief, and a demand for relief.[2]

---

[1] As to their motions to dismiss, defendants argue that the second amended complaint fails to allege prima facie claims of race discrimination and that Counts I, III, V, IX, and X are also due to be dismissed for failure to exhaust administrative remedies. The City does not address Count VIII in its motion.

[2] In response to defendants' argument regarding exhaustion of administrative remedies, plaintiffs contend that their claims in fact have been adequately exhausted. Plaintiffs failed to respond to defendants' arguments regarding dismissal of their complaint for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed.R.Civ.P. 10(b). While the requirements of pleading under the Federal Rules are "liberal," and a litigant need not "allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim[,]" Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a heightened pleading requirement for Title VII employment discrimination cases is impermissible), a pleader must at least provide his opponent with "fair notice of what [his] claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court should require a more definite statement pursuant to Rule 12 only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12 rule is commonly invoked in cases of "shotgun pleadings," in which the allegations are so extensive and jumbled that the defendant cannot be expected to sort out what is being alleged or against whom. Byrne v. Nezhat, 261 F.3d 1075, 1128-29, 1133 (11th Cir. 2001); BMC Industries, Inc. v. Barth Industries, Inc., 160 F.3d 1322, 1327 n. 6 (11th Cir.1998). Another typical feature of a shotgun pleading is incorporation of the same lengthy allegations into each claim alleged, which makes it difficult "to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Century, Fla. Community College, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings not only confound a defendant's efforts to fashion a responsive pleading but also impermissibly force the court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002) (citing Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991). The Eleventh Circuit has

frequently noted "with great concern" the "aggregate negative effects of shotgun pleadings on trial courts" and emphasized that courts must not tolerate such pleadings. Id.

Plaintiffs' first amended complaint was fifty-one pages in length and contained some two hundred forty-four numbered paragraphs and numerous subparagraphs. The court found that, contrary to the requirements of Rule 8, the complaint did not present a "short and plain statement" of plaintiffs' claims. The court further concluded that in contravention of Rule 10(b) the plaintiffs had failed to set forth each of their claims "with such clarity and precision that the defendant[s] will be able to discern what [plaintiffs] [are] claiming." Anderson, 77 F.3d at 366. In addition, the court deemed the first amended complaint to be a shotgun pleading, containing numerous allegations that not only were repeated within each count but also were incorporated in some of the subsequent counts.

Although the court directed plaintiffs to file a complaint that corrected the above-described defects, the second amended complaint contains many of the same deficiencies that existed in the first amended complaint. First, at seventy-three pages, the second amended complaint is nearly fifty percent longer than the first amended complaint of fifty-one pages that the court found excessively lengthy. Furthermore, adding to the unnecessary length – but not to the substance of the complaint – are numerous conclusory or redundant allegations and descriptions of conduct which allegedly occurred as long ago as the 1980s.[3] In light of the general type of action involved here as well as the specific allegations particular to this case, the court perceives no need for the plaintiffs' complaint to exceed twenty-five pages in length. As currently drafted, the unwieldy and verbose second amended complaint clearly does not present a "short and plain statement" of plaintiffs' claims, as required by Rule 8. Furthermore, the second amended complaint

---

[3] Plaintiffs contend that evidence of past discrimination may be relevant to certain of their claims and thus that reference to such events in their complaint is proper. While, at the appropriate time, plaintiffs may submit evidence in this case, they are again reminded that the complaint need only present a short and plain statement sufficient to put defendants on fair notice of their claims. The complaint need not and should not contain the sort of lengthy, detailed factual allegations regarding events from as long ago as twenty-five years that it now contains. Nor should it contain allegations that are irrelevant to plaintiffs' claims of employment discrimination, such as those that assert that the Fire Department has accorded white citizens in the community more favorable treatment than it has black citizens.

Case No. 3:05cv286/MCR/EMT

remains a "shotgun pleading." It often repeats the same or similar allegations within a single count and also – again and again – repeats such allegations in subsequent counts of the complaint. Not only does such pleading make it difficult for defendants to fashion a response but it also forces the court to waste precious judicial resources in an effort to determine which facts are material to plaintiffs' claims. This court, as instructed and encouraged by the Eleventh Circuit, will not tolerate this manner of pleading.

In addition, with respect to Rule 10, although the second amended complaint represents an improvement over the prior version, it nevertheless in large part continues to fail to link adequately a named plaintiff with allegedly unlawful conduct by identified or identifiable actors during a specified period of time. In addition, notwithstanding the headings for each count which evidently are intended to establish the type of claim presented, the second amended complaint appears to continue to co-mingle claims under single counts. Counts II, IV, and V, for example, include allegations that may implicate race discrimination claims based on theories of hostile work environment, failure to promote, disparate treatment, and/or retaliation.

For the foregoing reasons, defendants' motions for more definite statement pursuant to Rule 12(e) shall be granted.[4] Their motions to dismiss shall therefore be denied as moot. Plaintiffs shall be permitted to file a third amended complaint setting forth a more definite statement of the facts and law relied upon in their claims within **fourteen (14) days** of the date of this order.

Accordingly, it is ORDERED:

1. The motions for more definite statement filed by defendants City of Pensacola (doc. 53) and Pensacola Professional Firefighters Local Chapter 707 (doc. 54) are GRANTED. The defendants' alternative motions to dismiss are DENIED, as moot.

2. Plaintiffs shall be permitted to file a third amended complaint setting forth a more definite statement of the facts and law relied upon in their claims within **fourteen (14)**

---

[4] Defendants submit that this case should be dismissed for plaintiffs' failure to submit a second amended complaint in compliance with the court's instructions. The court concludes that repleading, rather than dismissal, is appropriate in this case.

**days** of the date of this order.

     3.    All requests by the parties for costs incurred in connection with filing their motions and/or response are DENIED.

**DONE and ORDERED** this 15th day of March, 2007.

                          _s/ M. Casey Rodgers_
                          **M. CASEY RODGERS**
                          **UNITED STATES DISTRICT JUDGE**