**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DEREK STREETER,
JOSEPH GLOVER,
JOSE COBBS, and
PAUL JOHNSON,**

       **Plaintiffs,**

v.                                                                           **Case No. 3:05cv286/MCR**

**CITY OF PENSACOLA and
PENSACOLA PROFESSIONAL
FIREFIGHTERS LOCAL CHAPTER 707,**

       **Defendants.**
_____/

**ORDER SUPPLEMENTING COURT'S
<u>FEBRUARY 2, 2009, SUMMARY JUDGMENT ORDER</u>**

By order dated February 2, 2009, the court granted the City's motion for summary judgment on plaintiffs' claims of a hostile work environment (Counts I and III) and Glover's FMLA claim (Count VIII).  The court also granted the City's motion for summary judgment on plaintiffs' disparate treatment, retaliation, and equal protection claims (Counts II, IV, V, VI, and VII), except that as to Derek Streeter's failure to promote and retaliation claims pertaining to the March 2003-September 2004 lieutenants' promotion eligibility list, the motion was denied.  As discussed at the pretrial conference conducted February 9, 2009, the order on summary judgment is clarified to reflect that no claim remains under 42 U.S.C. § 1983. Retaliation claims are not proper under the equal protection clause. *Ratliff v. DeKalb County, Ga.*, 62 F.3d 338, 340-41 (11th Cir. 1995).  Additionally, based on the record evidence, the court concludes that plaintiffs have failed to show that a genuine issue

of material fact exists as to whether a formal or an informal municipal "policy" or "custom" existed that resulted in injury to Streeter. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Board of County Comm'rs v. Brown,* 117 S.Ct. at 1388). The City is therefore entitled to summary judgment on Streeter's 42 U.S.C. § 1983 equal protection claim, in its entirety.

DONE and ORDERED this 9th day of February, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**