IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEREK STREETER,**
**JOSEPH GLOVER,**
**JOSE COBBS, and**
**PAUL JOHNSON,**

        **Plaintiffs,**

v.                                                  **Case No. 3:05cv286/MCR**

**CITY OF PENSACOLA and**
**PENSACOLA PROFESSIONAL**
**FIREFIGHTERS LOCAL CHAPTER 707,**

        **Defendants.**
_____/

**O R D E R**

        This matter is set for a jury trial February 17, 2009. Pending are Defendant City of Pensacola's motion *in limine* (doc. 160) and plaintiff Derek Streeter's "Motion to Clarify Extent of Evidence to be Presented at Trial (doc. 161). As set forth below, Streeter's motion, treated as one seeking permission to introduce certain evidence at the February 17th trial, is DENIED, and the City's motion is GRANTED.

        Streeter relies *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261 (11th Cir. 2008), for his contention that a wide spectrum of co-worker, or "me too" evidence, is admissible in this case. In the court's view, Streeter reads *Goldsmith* far too broadly. In *Goldsmith* the Eleventh Circuit found that evidence showing plaintiff and certain of his co-workers were discriminated against by the same supervisors in the same manner was admissible under Fed.R.Evid. 404(b) to prove the defendant's intent to discriminate against the plaintiff. *Id.* at 1286. The court similarly found there was specific evidence probative of defendant's intent to retaliate. *Id.* The evidence found admissible in *Goldsmith*,

however, was far more focused on the specific conduct at issue in that case and limited in scope than is the evidence Streeter seeks to introduce here.

Some of Streeter's proffered evidence pertains to discriminatory acts or statements of former chiefs James Dixon and Mel Waters in connection with Streeter's nonpromotion from the March 2003-September 2004 lieutenants' promotion list. Waters' deposition testimony, however, which is cited in Streeter's motion, reflects that no "major decision involving [Fire Department] personnel is made without Al Coby's approval" and that the "biggest influence [in managing the Fire Department] is Mr. Coby." (Doc. 161 at 3-8).[1] This testimony is cFebruary 11, 2009onsistent with the summary judgment evidence previously presented to the court. It is the City's intent that is at issue in this case, and the evidence reflects that the City's ultimate decision maker with respect to promotion decisions was Coby, not Dixon or Waters. Evidence of the chiefs' conduct is not relevant to Coby's promotion decisions, and it is not admissible in connection with Streeter's failure to promote claim or his retaliation claim. Next, much of Streeter's proffered evidence is too remote in time to be probative or, even if arguably probative, its relevance is outweighed by the prejudicial effect it could have on the jury. Fed.R.Evid. 403. Accordingly, such evidence likewise is not admissible. Further, Streeter submits that his proffered evidence is admissible to rebut the City's affirmative defenses. Given the lack of relevance of this evidence to the affirmative defenses cited by Streeter, the court disagrees. Finally, citing a decision by Chief Judge Robert Hinkle, Streeter argues that evidence of certain retaliatory statements and actions by City decision makers after he filed his administrative EEOC complaint are admissible. Streeter has not adequately identified the specific evidence he seeks to introduce, however.[2]

---

[1] Waters also testified that the chief and Mr. Coby decided when promotion tests should be given, but that testimony is not relevant to whether the City unlawfully failed to promote Streeter from the March 2003-September 2004 lieutenants' promotion list or whether it retaliated against him when it failed to promote him.

[2] Streeter also argues that the proffered evidence should be admissible to show the custom and policy elements of a 42 U.S.C.§ 1983 claim. Streeter is reminded that no § 1983 claim remains to be tried, as the court has granted the City summary judgment on this claim in its entirety.

Case No. 3:05cv286/MCR

  Based on the foregoing reasons, one or more of which may be applicable to each of Streeter's various requests, the court concludes that none of the evidence identified in Streeter's instant motion should be admitted at trial.  Streeter's "Motion to Clarify Extent of Evidence to be Presented at Trial (doc. 161) is therefore DENIED.  Conversely, to the extent the City seeks to limit the introduction of the evidence now proffered by Streeter, the City's motion *in limine* (doc. 160) is GRANTED.  To the extent it is the City's intention to request the exclusion of other evidence that is not identified in Streeter's motion, the court will address such matters, as may be necessary, at trial.

  DONE and ORDERED this 11th day of February, 2009.

               *s/ M. Casey Rodgers*
               **M. CASEY RODGERS**
               **UNITED STATES DISTRICT JUDGE**